D. Maimon Kirschenbaum
JOSEPH & KIRSCHENBAUM LLP
45 Broadway, Suite 320
New York, NY 10006
(212) 688-5640
(212) 981-9587 (fax)

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------x

**NELLI AULEN, on behalf of herself and others similarly situated,**

**Plaintiff,**

**v.**

**GINZA 2 LLC, d/b/a MARI VANNA RESTAURANT,**

**Defendant.**

-----------------------------------------------------x

**CASE NO. 26-CV-5561**

**FIRST AMENDED COMPLAINT**

**FLSA COLLECTIVE ACTION AND FRCP 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendant conductS business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant GINZA 2, LLC ("Mari Vanna") is a New York limited liability company. Defendant GINZA 2, LLC owns and operates Mari Vanna restaurant in midtown Manhattan.

4. Mari Vanna has an annual gross volume of sales in excess of $500,000.

5. Mari Vanna has employees engaged in interstate commerce and handling, selling, or otherwise working on goods and materials that have been moved in or produced for interstate commerce.

6. Plaintiff Nelli Aulen worked for Defendant as a server from September 2024 to May 2026.

## FLSA COLLECTIVE ACTION ALLEGATIONS

7. Plaintiff brings the First and Fifth Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all employees employed by Defendant as service employees on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

8. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules of wage theft. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

9. The First and Fifth Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to

this action, their names and addresses are readily available from the Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail, email, and text message to the last address, email address, and phone number known to Defendant.

**RULE 23 CLASS ALLEGATIONS – NEW YORK**

10. Plaintiff brings the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees employed by Defendant on or after the date that is six years before the filing of this Complaint (the "Class Period").

11. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendant. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under said F.R.C.P. 23.

12. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendant, upon information and belief, there are more than forty (40) members of the Class.

13. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay minimum wage and overtime compensation and failing to provide required wage notices/statement. Defendant's corporate-wide policies and

practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

14. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

15. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing

incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

16. Upon information and belief, Defendant and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

17. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendant employed Plaintiff and the Class members within the meaning of the New York law.

b. At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work.

c. Whether Defendant paid Plaintiff and the Class members the applicable minimum wage for all hours worked.

d. Whether Plaintiff and the Class members were properly paid for overtime.

e. Whether Defendant provided Plaintiffs and Class members with the proper wage notices and wage statements.

## FACTS

18. Plaintiff's Consent to Sue form was previously filed on June 30, 2026.

19. Plaintiff worked as a server for Defendant.

20. Defendant paid Plaintiff the New York foodservice workers' minimum wage, which is lower than the full NY minimum wage.

21. Defendant was not entitled to pay Plaintiff pursuant to the foodservice workers' minimum wage because it did not give Plaintiff written notice of the tip credit.

22. Plaintiff often worked overtime for Defendant. Specifically, Plaintiff often worked four (4) double shifts (lunch and dinner) and 2 dinner shifts in a week for Defendants.

23. Double shifts typically began at 11:00 a.m and lasted straight to closing, which was regularly after 11:00 p.m. Dinner shifts began at about 4:30 p.m. and lasted until closing.

24. When Defendant paid Plaintiff for overtime, the overtime rate included a tip credit, which, as discussed above was not available to Defendant.

25. In addition, Defendant automatically deducted 30 minutes from each shift Plaintiff worked. Plaintiff was not paid at all for this deducted time, even though she actually worked it. This unpaid time included both regular and overtime hours.

26. Plaintiff did not receive upon hire a proper notice and acknowledgment of pay rate as required by New York law.

27. Had Plaintiff been provided accurate information with respect to the full minimum wage and the tip credit being applied to her wage and received a notice and acknowledgment of pay rate, she would have asserted her rights under the NYLL at an earlier time.

28. In addition, because Defendants did not provide Plaintiff with a proper written wage notice, Defendants' use of a tip credit was an underpayment of wages. In other words, Defendants'

violation of the New York Labor Law's wage notice requirement resulted in Plaintiff being paid less than she was entitled to.

29. Plaintiff's paystubs did not accurately state her hours worked, as they reflected the illegal deductions Defendant took from her hours.

30. Because Defendant paid Plaintiff for the number of hours listed on her paystubs, the inaccuracies on her paystubs caused her to be underpaid. In addition, had the paystubs stated the correct amount of actual hours she worked and she continued to be underpaid, plaintiff would have complained about the underpayments.

31. In addition, Plaintiff's ability to advocate for herself and show that she was not paid the correct amount for all of the time that she worked is harmed by Defendant's failure to provide wage statements that accurately reflect her hours worked.

32. Defendant required Plaintiff and other tipped employees to cover billing errors. For example, if customers left the restaurant without paying all or part of their bill or if an order was entered incorrectly in the POS system and a customer was not charged for food that was prepared and served, Defendant required the servers to pay for it out of their own pockets.

33. This happened to Plaintiff several times during her employment, and she witnessed it happen to other tipped employees.

34. For example, in or around January/February 2025, Plaintiff entered a food order incorrectly into the POS system which resulted in the customer receiving a higher priced dish that the customer happily ate but did not want to pay for. Defendant required Plaintiff to pay Defendant approximately $42.00 – i.e., the difference between what the price of the dish the customer ordered and the price of the dish the customer received.

35. By way of another example, in or around January/February 2026, a customer ordered a dessert to go and wanted it to be charged to a separate check. Plaintiff put this order in the POS system and served the customer the to go dessert. However, another server cashed out the customer and forgot to present and charge the customer with the separate check for the to-go dessert. Defendant then required Plaintiff to pay Defendant the full amount of the dessert.

36. At other times, when a customer did not like a dish or refused to eat a dish (for any reason), a manager would first attempt to force the customer to pay full price of the uneaten dish. But if a customer refused, Defendant required the server to pay the full price of the dish. This occurred regularly, and Defendant required Plaintiff to pay for dishes that customers refused to eat.

37. These kickback payments amount to an unlawful retention of tips by Defendant. In the alternative, these payments reduced Plaintiff's hourly pay, and depending on the week in which it occurred, resulted in Defendant not paying Plaintiff the full overtime rate she was owed or pushed Plaintiff's weekly pay below the state minimum wage rates.

38. Defendant also failed to pay Plaintiff, and other tipped employees, all of the sick leave/paid time off that they are required to under the New York City Protected Time Off Law.

39. Defendant failed to inform Plaintiff, or any other tipped employees, about their rights to be paid for sick time.

40. As such, Plaintiff took sick days in 2026, and Defendant did not pay Plaintiff the sick pay that she was owed in a timely manner. Upon information and belief, Defendant did not pay any other tipped employees any sick pay for days during which these employees called in sick.

41. Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Plaintiffs, and the Class Members.

**FIRST CLAIM FOR RELIEF**
**FLSA Overtime, 29 U.S.C. § 201, *et seq.***
**(Brought by Plaintiff on Behalf of Herself and the FLSA Collective Plaintiffs)**

42. Plaintiff realleges and incorporates by reference all previous paragraphs.

43. At all relevant times, Defendant have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

44. At all relevant times, Defendant have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

45. Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs worked in excess of forty (40) hours per workweek.

46. At all relevant times, Defendant operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs the appropriate overtime rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

47. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**New York Minimum Wage Violations,**
**N.Y. Lab. L. §§ 650 *et seq.*, 12 NYCRR §§ 146-1.3, 2.2**
**(Brought by Plaintiff on behalf of herself and the NYLL Class)**

48. Plaintiff realleges and incorporate by reference all previous paragraphs.

49. Defendant knowingly paid Plaintiff and Class Members less than the New York State minimum wage for all hours worked.

50. As a result of Defendant's unlawful conduct, Plaintiff and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**THIRD CLAIM FOR RELIEF**
**New York Overtime Violations,**
**N.Y. Lab. L. § 650 *et seq.*, N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4**
**(Brought by Plaintiff on Behalf of Herself and the NYLL Class)**

51. Plaintiff realleges and incorporates by reference all previous paragraphs.

52. Throughout the FLSA Collective Plaintiffs Period, Defendant willfully, regularly and repeatedly failed to pay Plaintiff and the Class Members at the required overtime rate for hours worked in excess of forty (40) hours per workweek.

53. As a result of Defendant's willful and unlawful conduct, Plaintiff and the Class Members are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**
**New York Notice/Statement Requirements, N.Y. Lab. L. §§ 195, 198**
**(Brought by Plaintiff on behalf of Herself and the NYLL Class)**

54. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

55. Defendant did not provide Plaintiff and Class Members with the wage notices/statements required by N.Y. Lab. Law § 195.

56. As a result of Defendant's unlawful conduct, Plaintiff and the Class Members are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, post-judgment interest, and costs and attorneys' fees.

**FIFTH CLAIM FOR RELIEF**
**(FLSA Tip Retention, 29 U.S.C. § 203(m))**
**(Brought by Plaintiff on Behalf of Herself and and the FLSA Collective Plaintiffs)**

57. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

58. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

59. At all relevant times, Defendant has employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

60. During the statute of limitations period covered by these claims, Defendant knowingly retained a portion of Plaintiff's and the FLSA Collective Plaintiff's tips.

61. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective retained gratuities, liquidated damages as provided by the FLSA, attorneys' fees and costs, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

**SIXTH CLAIM FOR RELIEF**
**New York City Protected Time Off Law (NYCPTO), N.Y.C. Admin. Code §§ 20-911 et al.,**
**(Brought by Plaintiff on behalf of Herself and the NYLL Class)**

62. Plaintiff realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

63. Defendant failed to provide Plaintiff and the Class Members the required notice of their rights under the NYCPTO, including but not limited to, their rights to be paid for sick time.

64. Defendant failed to pay Plaintiff and the Class Members all of the sick pay for which they were entitled in a timely manner.

65. As a result of Defendant's willful and unlawful conduct, Plaintiff and the Class Members are entitled to an award of damages, including compensatory, liquidated, and treble damages, in amount to be determined at trial, penalties, pre- and post-judgment interest, and costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Collective Plaintiffs, and the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23.

D. Designation of Plaintiff as Representative of the Class.

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 198, 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: July, 23 2026
New York, NY

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: /s/ D. Maimon Kirschenbaum
D. Maimon Kirschenbaum
45 Broadway, Suite 320
New York, NY 10006
Tel: (212) 688-5640
Fax: (212) 981-9587

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and Proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right to jury trial.